[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR DISCHARGE OF MECHANIC'S LIENMOTION #102.00
This case comes to this court on an application for discharge of mechanic's lien. The court finds that there is probable cause to sustain the validity of the claim of Lametta Construction Company (hereafter called Lametta). Accordingly, the application for discharge of mechanic's lien is denied.
It is clear to this court that in early July of 1993, Mr. Gillis was put on notice that Mr. Lametta was not being paid by Mr. Zullo. In fact, another artisan liened the property in July or August of 1993 for the same reason.
The court finds that there is probable cause to believe that Mr. Gillis made representations to Lametta that if Lametta continued to work he would be paid by Mr. Gillis directly.
The court finds that payments made on or about July 8, 1993, were not made in good faith in order to cut off Mr. Lametta's rights to lien the property under the authority of ReneDrywall Company v. Strawberry Hill Associates,182 Conn. 568, 573-75 (1980).
It is clear that as of approximately July 8, 1993, Mr. Lametta contacted Mr. Gillis about not being paid by Mr. Zullo. (See Exhibit H). It is clear that Mr. Gillis made payments on or about July 8, 1993 to Mr. Zullo (See Exhibit B).
In rendering this decision, the court has considered all of the evidence in the case, the arguments of the attorneys, and has reviewed all of the exhibits. Accordingly, the motion to discharge mechanic's lien is denied.
KARAZIN, J CT Page 8161